# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PLUM BUILDERS, INC. D/B/A PLUM BUILDERS,<br><br>      Plaintiff,<br><br>      v.<br><br>SOTHEBY'S INTERNATIONAL REALTY, INC. and BEATE V. MOORE D/B/A BRIDGEHAMPTON BROKERAGE,<br><br>      Defendants. | Civil Action No. 15-cv-01427 (JS)(AKT)<br><br><br><br><br><br>Judge Joanna Seybert<br>Magistrate Judge A. Kathleen Tomlinson |

## PROPOSED JOINT DISCOVERY PLAN

Plum Builders, Inc. d/b/a Plum Builders ("Plaintiff" or "Plum") and Sotheby's International Realty, Inc. and Beate V. Moore (collectively "Defendants" or "Sotheby's") (Plaintiff/Plum and Defendants/Sotheby's are sometimes hereinafter collectively referred to as the "Parties") respectfully provide the following Proposed Joint Discovery Plan pursuant to the Court's Initial Conference and Case Management Order dated April 3, 2015 (Dkt. No. 8) (the "Order"):

The Parties have engaged in discussions concerning settlement. Plaintiff has conveyed a demand to Defendants.

On May 14, 2015, Gerard F. Dunne for Plaintiff, and James M. Gibson and David A. Jones for Defendants conducted a conference pursuant to Rule 26(f) and Your Honor's Order, by telephone.  Further to this discussion, counsel for the Parties submit the following Proposed Joint Discovery Plan:

I. <u>DEADLINES AND COURT APPEARANCES</u>

| | |
|---|---|
| Deadline for completion of initial disclosures required by Rule 26(a): | May 18, 2015 |
| First request for production of documents and first request for interrogatories due by: | June 24, 2015 |
| Responses to first request for production of documents and first set of interrogatories due by: | August 7, 2015 |
| Deadline for joinder of additional parties and amendment of pleadings: | August 19, 2015 |
| <u>Status Conference:</u> | October 7, 2015 at 1:30 pm |

The parties do not seek any changes to the default schedule set forth in the Initial Conference and Case Management Order (Dkt No. 8), as indicated above.

II. CHECKLIST FOR THE COURT

    A. <u>Initial Disclosures:</u> Counsel confirm that the Initial Disclosures have been served:

        Plaintiff:                                                Defendant:

        ☒ Yes    ☐ No              ☒ Yes    ☐ No

    B. <u>Stipulation and Order of Confidentiality</u>: Counsel confirm that they have consulted in good faith regarding the need for such an order:

        ☒ Yes         ☐ No

        Based on that consultation, counsel find that a Stipulation and Order of Confidentiality is:

        ☒ Needed    ☐ Not needed

    C. <u>Electronically Stored Information ("ESI"):</u> Counsel confirm that they have met and conferred regarding the existence of any relevant ESI on both sides:

        ☒ Yes         ☐ No

> The parties have had some preliminary discussion about the type of ESI which is in their clients' respective possession or control and how they wish to have such ESI produced:
>
> ☒ Yes ☐ No
>
> Based on those discussions, counsel advise the Court that the relevant ESI consists of:

<u>Plaintiff</u>:  emails

<u>Defendants</u>:   Defendants believe that based on the issues presented by Plaintiff's Complaint and Defendants' Counterclaim, the primary relevant ESI is likely to be current and historic Web pages and records and email communications.

> D. <u>Preservation Obligations</u>: What steps have been taken to comply with the respective party's preservation obligations?

<u>Plaintiff</u>:  A litigation hold has been in effect and all emails preserved.

<u>Defendants</u>:   A Litigation Hold Notice was initially issued regarding preservation of documents relevant to this matter on April 1, 2015.  A further Litigation Hold Notice was sent by counsel for Defendants on May 14, 2015.

> E. <u>Accessibility</u>: Any issues concerning accessibility to ESI?

<u>Plaintiff</u>:  None

<u>Defendants</u>:  Defendants are not currently aware of any issues concerning accessibility to ESI, but are confirming Defendants' document retention policies.

> F. <u>Manner of Production</u>: In what specific manner do the parties intend to produce ESI?

<u>Plaintiff</u>:  Will produce pdf copies of ESI subject to production

<u>Defendants</u>:  Defendants intend to produce responsive ESI in single-page colored Tagged Image File Format ("TIFF").  Defendants request that Plaintiff produce an accompanying load file which shall facilitate the use of the produced TIFF images by the document management system Summation.

Defendants intend that the parties capture the following metadata fields for all documents produced: Starting Production Number; Ending Production Number; Starting Attachment Range Number; Ending Attachment Range Number; Page Count; Document Type; Custodian; Title (DOC Title and Email Subject); Author (Doc Author and Email From); Document Date (DOC Modify Date and Email Sent Date); Document Created Date (Doc); Document Modified Date

(Doc); To (Email); cc (Email); bcc (Email); Sent Date (Email); MD5HASH; Original File Name; File Extension; Original File Path; Source Application and Version; and File Text (document level extracted text/OCR).

Defendants further intend that all produced date fields should be in the MM/DD/YYYY format and include standard time fields.

Defendants further intend that, upon request, certain document types will be produced by the Parties in native format, rather than TIFF format, where applicable. Documents that the Parties may request be produced in native format include .PST (Outlook) and/or .NSF (Lotus Notes) files for all emails produced; all Microsoft Office Suite documents, including, but not limited to, documents created with Excel, Word, PowerPoint, Publisher, Project, Visio, Lync, and InfoPath, and such documents' server component; all other word processing documents; all documents created by document management systems, including, but not limited to, documents created by SharePoint, Alfresco, and Lotus Notes; all documents created and stored in any cloud-based storage locker, including, but not limited to, Google Apps, Google Labs, Dropbox, and iCloud; schema for any database systems utilized by Plaintiff, including, but not limited to, Microsoft Access, SQL, Oracle DB, MySQL, and IBM DB2; and any other data sets or information in a format proprietary to the Party.

Notwithstanding the foregoing, if discovery efforts by the Parties reveal a limited amount of responsive documents, the Parties will discuss alternate means of production, namely, producing all documents in .PDF format.

III.   OTHER DISCOVERY MATTERS

   A. Interrogatories/Depositions: Changes to the presumptive maximum number of interrogatories and depositions allowed under the rules (normally 25 interrogatories, including sub-parts, and 10 depositions).

Plaintiff:  None.

Defendants:  Defendants do not seek any changes beyond what is provided for in the Federal Rules of Civil Procedure.

   B. Expert Witnesses: The number and types of expert witnesses each party anticipates.

Plaintiff:  Plaintiff has not decided on any experts at this time.

Defendants:  Defendants will designate expert witnesses to rebut the opinion of any expert witnesses designated by Plaintiff, and expressly reserve the right to designate any other expert witnesses that may become necessary as a result of discovery.

   C. Specific Planning: Whether there are any sources of discoverable material that warrant specific planning, such as medical (HIPAA releases) or employment records held by non-parties.

<u>Plaintiff</u>:  None.

<u>Defendants</u>:  Defendants do not believe that any such concerns are applicable to this action.

        D. <u>Limitations/Narrowing Discovery</u>: Whether there are subject matter limitations on discovery, or other procedural mechanisms that will help to identify or narrow the issues in dispute without undue delay or expense.

<u>Plaintiff</u>:  In addition to the alleged use of Plaintiff's trademark by Defendants, and the protectability of thee claimed mark, Plaintiff will seek discovery concerning damages.

<u>Defendants</u>:  Defendants believe that discovery should be conducted in a manner that is focused on the narrow issues presented in this case.  That is, the alleged use of Plaintiff's trademarks by Defendants, and the protectability of those claimed marks.  Courts have continually recognized that overly broad discovery requests related result in needless cost and expense with often little return.  The same approach should be followed by the parties in this case and keep discovery focused on the issues at hand.

Date: May 18, 2015

Respectfully submitted,

| | |
|---|---|
| By:   /s/ Gerard F. Dunne<br>       Gerard F. Dunne (GD3323)<br>       Joseph A. Dunne (JD0674)<br><br>       Law Offices of Gerard F. Dunne, P.C.<br>       41 Union Square West<br>       Suite 1125<br>       New York, NY  10003<br>       Telephone:  (212) 645-2410<br>       jerry.dunne@dunnelaw.net<br>       joe.dunne@dunnelaw.net<br><br>       Counsel for Plaintiff<br>       PLUM BUILDERS INC. d/b/a<br>       PLUM BUILDERS<br><br>. | By:   /s/ James M. Gibson<br>       James M. Gibson (JG9234<br>       Robert L. Powley (RP7674)<br>       Thomas H. Curtin (TC5753<br>       David A. Jones (DJ7768)<br><br>       POWLEY & GIBSON, P.C.<br>       304 Hudson Street, Suite 202<br>       New York, New York 10013<br>       Telephone: (212) 226-5054<br>       Facsimile: (212) 226-5085<br>       jmgibson@powleygibson.com<br>       rlpowley@powleygibson.com<br>       thcurtin@powleygibson.com<br>       dajones@powleygibson.com<br><br>       Counsel for Defendants<br>       SOTHEBY'S INTERNATIONAL<br>       REALTY, INC. and BEATE V.<br>       MOORE |