UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
PLUM BUILDERS, INC. D/B/A PLUM BUILDERS :
:
                       Plaintiff,     :      Civil Action No.:
:
         v.              :      15 cv 1427 (JS) (AKT)
:
SOTHEBY'S INTERNATIONAL REALTY, INC. :
and :
:
BEATE V. MOORE D/B/A/ BRIDGEHAMPTON :
BROKERAGE :
:
                    Defendants :
------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT C... ... Y.
★ JUL 16 2015 ★
LONG ISLAND ... ICE

## AMENDED STIPULATION AND PROTECTIVE ORDER

The parties engaged in this action having agreed that it would serve their interests to conduct discovery in this action under a Protective Order pursuant to Fed. R. Civ. P. 26(c); and

The parties having conferred and agreed as to the provisions of such Protective Order.

IT IS HEREBY ORDERED THAT:

1. The parties in this action and each party from whom discovery is sought in this action may label or segregate documents and things produced by it, its answers to interrogatories, or any of its other responses to discovery demands, as CONFIDENTIAL to the extent that it believes in good faith that such documents, things, answers, or

responses (hereinafter "CONFIDENTIAL MATERIAL") contain trade secrets or other confidential research, development, or commercial information. Each such document, things, answer, or response shall be labeled "Confidential" on each page containing confidential material. Such labeling or segregation shall be made at the time that a response to a discovery demand is made. In the case of depositions or hearings, the producing party's counsel may designate portions of a deposition or hearing as Confidential by making an appropriate statement at the time of the giving of such testimony, or by making a blanket designation of the entire transcript as Confidential at the time of commencement or anytime during such deposition or hearing, or within seven (7) business days after the deposition or hearing, subject to subsequent review and declassification of non-confidential portions, if any, of the transcript by the producing party within thirty (30) days after receipt of such transcript by the producing party. The producing party's counsel shall notify counsel for the receiving party of such declassification, if any, within such thirty (30) day period.

2. CONFIDENTIAL MATERIAL received from an adverse party shall be transmitted to or used only by persons permitted access to it pursuant to Paragraph 3 below; and shall be used solely for purposes directly related to the preparation for trial in this action only.

3. Except as otherwise directed by a Court of competent jurisdiction, CONFIDENTIAL MATERIAL received from a party may be disclosed by persons receiving said material only to the following persons:

i. Counsel of record for the respective parties to this litigation, including employees of the law firm of such counsel of record.

ii. The parties, employees and agents of the parties to this action who have a need to review such information for the sole purposes of assisting counsel in this action or to participate in settlement discussions.

iii. Any independent outside experts or consultants retained by any of the parties or their counsel for purposes of this litigation, including their secretarial and clerical personnel, provided that the outside experts and consultants have first read this Stipulation and Protective Order and have agreed in writing to adhere to the provisions thereof by executing a copy of the declaration in the form attached hereto as Exhibit A, and consent to the jurisdiction of the United States District Court for The Eastern District of New York for any action brought as a result of any violation of this Stipulation and Protective Order, which writing shall then be served upon counsel for each party together with the address of the outside expert or consultant, and further provided that no disclosure may take place until the expiration of ten (10) business days after such service is made upon counsel for each other party, after which, disclosure may proceed unless application for court order preventing disclosure has been made before the expiration of the ten (10) business day period.

  iv.  The authors, senders, addressees, and designated copy recipients of the producing party's CONFIDENTIAL INFORMATION.

  v.  Any other person as to whom the parties agree and who has agreed in writing to be bound by the terms of this stipulation by signing the declaration in the form attached hereto as Exhibit A before being shown Confidential Information.

  vi.  The Court and Court personnel including stenographic reporters.

  4. The parties to this action and each party from whom discovery is sought in this action may label or segregate documents and things produced by it, its answers to interrogatories, or any of its other responses to discovery demands as ATTORNEY'S EYES ONLY to the extent that it believes in good faith that such documents, things, answers or responses (hereinafter "ATTORNEY'S EYES ONLY MATERIAL") include extraordinarily sensitive trade secrets or other confidential research, development or commercial information. Each such document, things, answers or response shall be labeled "ATTORNEY'S EYES ONLY" on each page containing confidential material. Such labeling or segregation shall be made at the time that a response to a discovery demand is made. In the case of depositions or hearings, the producing party's counsel may designate portions of a deposition or hearing as Attorney's Eyes Only Material by making an appropriate statement at the time of the giving of such testimony, or by making a blanket designation of the entire transcript as Attorney's Eyes Only Material, at the time of

commencement or anytime during such deposition or hearing, or within seven (7) business days after the deposition or hearing, subject to subsequent review and declassification of non-confidential portions, if any, of the transcript by the producing party within thirty (30) days after receipt of such transcript by the producing party. The producing party's counsel shall notify counsel for the receiving party of such declassification, if any, within such thirty (30) day period.

5. Except as otherwise directed by a court of competent jurisdiction, ATTORNEY'S EYES ONLY information received from a party shall be used solely for purposes directly related to the preparation for trial in this action only and may be disclosed by persons receiving such information only to the following persons:

   i. All counsel of record for the respective parties to this litigation who are not employees, officers, shareholders, or directors of the party receiving such ATTORNEY'S EYES ONLY MATERIAL, including employees of the law firm of counsel of record.

   ii. Any independent outside experts or consultants retained by any of the parties to this action or their counsel for purposes of this litigation who are not employees, officers, shareholders, or directors of the party receiving such ATTORNEY'S EYES ONLY MATERIAL, including their secretarial and clerical personnel, provided that such outside experts and consultants have first read this Stipulation and Protective Order and have agreed in writing to adhere to the provisions thereof by executing a copy of the declaration in the form attached hereto as Exhibit A, and consent to the

        jurisdiction of the United States District Court for The Eastern District of New York for any action brought as a result of any violation of this Stipulation and Protective Order, which writing shall then be served upon counsel for the parties together with the address of the outside expert or consultant, and further provided that no disclosure may take place until the expiration of ten (10) business days after such service is made upon counsel for the other party, after which, disclosure may proceed unless application for court order preventing disclosure has been made before the expiration of the ten (10) business day period.

   iii.   The authors, senders, addressees, and designated copy recipients of the producing party's ATTORNEY'S EYES ONLY MATERIAL.

   iv.   Any other person as to whom the parties have mutually agreed in writing in advance and who have agreed in writing to be bound by the terms of this stipulation by signing the declaration in the form attached hereto as Exhibit A before being shown ATTORNEY'S EYES ONLY MATERIAL.

   v.   The Court and Court personnel including stenographic reporters.

6. This Protective Order is without prejudice to the right of any party to seek relief from or modification of any provision contained herein with notice, including a declaration that materials designated CONFIDENTIAL MATERIAL is not within the scope of Fed. R. Civ. P. 26(c)(7). If such an application is made, nothing herein shall

alter any burden of proof that would otherwise apply in determining whether the requested information is within the scope of Fed. R. Civ. P. 26(c)(7).

7. Upon final termination of this action each party or other person subject to the terms hereof shall be under an obligation to assemble and return to the originating source, should such source so request, or destroy all CONFIDENTIAL MATERIAL and ATTORNEY'S EYES ONLY MATERIALS, provided, however, that one counsel of record for each party may retain one copy of each said document solely for reference in the event of a dispute over the use or dissemination of information subject to the terms herein established or over compliance with final judgment.

8. The United States District Court for the Eastern District of New York retains jurisdiction of all matters arising under this Order.

9. The terms of this Stipulation and Order shall be binding upon the parties hereto as soon as executed by said parties or their counsel independently and irrespective of approval by the Court.

10. If a document containing CONFIDENTIAL MATERIAL or ATTORNEY'S EYES ONLY MATERIALS is filed with the Court, it shall be filed with the Court under seal as provided by the rules of the Court.

11. Any material violation of any provision of this order would be basis for holding the party violating such order in contempt of court.

12. The provisions of this Protective Order shall survive termination of this action.

**Dated: July 15, 2015**

**SO ORDERED:**

Date: July 16, 2015
Islip, New York

/s/ A. Kathleen Tomlinson
Hon. A. Kathleen Tomlinson
United States Magistrate Judge

Agreed to:

July 15, 2015
New York, New York

/s/ Gerard F. Dunne
Gerard F. Dunne
*Attorney for Plaintiff*
Law Office of Gerard F. Dunne, P.C.
41 Union Square West
New York, New York 10003
212-645-2410
212-645-2435 (Fax)
Email: jerry.dunne@dunnelaw.net

July 15, 2015
New York, New York

/s/ James M. Gibson
James M. Gibson (JG 9234)
Robert L. Powley (RP 7674)
David A. Jones (DJ 7768)
*Attorneys for Defendants*
Powley & Gibson, P.C.
304 Hudson St., Suite 202
New York, New York 10013
Telephone: (212) 226 – 5054
Facsimile: (212) 226 – 5085
Email: jmgibson@powleygibson.com
   rlpowley@powleygibson.com
   dajones@powleygibson.com

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                  :

PLUM BUILDERS, INC. D/B/A PLUM BUILDERS :

                        Plaintiff,       :      Civil Action No.:

               v.                        :      15 cv 1427 (JS) (AKT)

SOTHEBY'S INTERNATIONAL REALTY, INC. :
            and

BEATE V. MOORE D/B/A/ BRIDGEHAMPTON :
              BROKERAGE

                     Defendants   :
------------------------------------------------------------X

## AGREEMENT TO BE BOUND
## BY PROTECTIVE ORDER

Under penalty of perjury, I declare the following to be true and correct:

(a)    I am not an employee of any party in the proceeding pending in the United States District Court for the Eastern District of New York and entitled *Plum Builders, Inc. d/b/a Plum Builders v. Sotheby's International Realty, Inc. and Beate V. Moore*, Civil Action No. 15-cv-1427(JS)(AKT) (the "Action"), and I do not have any employment or intended employment with any party;

(b) I have read the Protective Order dated July 10, 2015, and entered in the Action and agree to be bound by all of the terms and conditions hereof and to subject myself to the jurisdiction of the Court for enforcement thereof;

(c) I will limit the disclosure of Confidential Material and Attorney's Eyes Only Material within my own organization to those persons who are reasonably necessary in support of the tasks explicitly delegated or assigned to such person in the context of the Action;

(d) I will have access to Confidential Material and/or Attorney's Eyes Only Material solely to the extent reasonably necessary for my participation in the Action and solely for purposes of the Action (and any appeals thereof) and for no other purpose whatsoever and shall not use said information or materials in any other or subsequent employment, engagement, or proceeding of any nature whatsoever;

(e) I will keep and maintain all Confidential and Attorney's Eyes Only Material in a safe and secure fashion in order to ensure that such documents or information are not made accessible to any person not qualified under this Protective Order to receive it; and

(f) I will, within sixty (60) days of the termination of the Action (and the exhaustion of all appeals thereof), either (1) return all Confidential and Attorney's Eyes Only Materials then in my possession to outside counsel of record for the party by whom I have been retained, including all notes, abstracts, summaries, memoranda and other documents containing or making reference to any Confidential and Attorney's Eyes Only Material; or (2) destroy all copies of Confidential and Attorney's Eyes Only Materials containing any notes or other markings and all

notes, abstracts, summaries, memoranda and other documents containing or making reference to any Confidential and Attorney's Eyes Only Material and provide a certificate of compliance to the party that has retained me.

_____                           _____
Date                                          Signature

                                              _____
                                              Name

                                              _____
                                              Title

                                              _____
                                              Address